UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| AARON HILL, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 4:16-cv-117 |
| v. ) | |
| ) | Judge Mattice |
| KIA MOTORS AMERICA, INC., *et al.*, ) | Magistrate Judge Steger |
| ) | |
| *Defendants*. ) | |

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| ROGER DALE PARKS, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 4:16-cv-118 |
| v. ) | |
| ) | Judge Mattice |
| KIA MOTORS AMERICA, INC., *et al.*, ) | Magistrate Judge Steger |
| ) | |
| *Defendants*. ) | |

## ORDER

This matter is before the Court on Kia Motors America Inc. and Kia Motors Corporation's (the "Kia Defendants") Motion for a Protective Order Concerning Expert Reports and Depositions [Doc. 297]. The Court heard argument on this motion by telephone conference on Monday, April 29, 2019. Participating in the telephone conference for Plaintiffs were Molly O'Neill, Brent Keeton and Christina Duncan. Participating for Defendants were Randy Bibb, Christopher Bascom and Whitney Kimerling.

In their motion [Doc. 297], the Kia Defendants asked the Court to strike materials produced by Plaintiffs to the Kia Defendants on April 16, 2019, which materials were identified by Plaintiffs

as facts or data considered by Plaintiff's expert witness(es) in forming opinions in this case. In support of their request that the Court strike these materials, the Kia Defendants assert that Plaintiff failed to identify these reliance materials by the March 29, 2019 deadline for expert disclosures established by the Court in the Third Amended Scheduling Order [Doc. 287].[1] Defendants are correct that the Court required the parties to make their expert disclosures by March 29, 2019.

Fed. R. Civ. P. 26(a)(2)(B) requires that expert disclosures (for expert witnesses who must provide a written report) include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii) the facts or date considered by the witness in forming them;**
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

(*emphasis added*).

Consequently, to the extent that the materials produced by Plaintiffs to the Kia Defendants on April 16, 2019, constitute facts or data considered by Plaintiff's expert witness(es) in forming opinions in this case, those materials should have been disclosed by the Court's March 29 deadline. In the telephonic motion hearing, Plaintiffs' counsel (Ms. O'Neill) conceded this issue and stated that the additional "facts or data" identified on April 16, 2019, would be stricken and would not constitute part of the materials considered by Plaintiffs' expert witnesses in forming their opinions. Consequently, no further action by the Court is necessary with respect to this issue; however, had Plaintiff's counsel not agreed to strike these materials, the Court would have granted Defendants'

---

[1] "For the foregoing reasons, it is hereby **ORDERED** that . . . [t]he Second Amended Scheduling Order [Doc. 189] is hereby **AMENDED** as follows . . . b. **Expert Disclosures.** Plaintiffs and Defendants shall provide disclosures of expert testimony, pursuant to Fed. R. Civ. P. 26(a)(2) by **March 29, 2019**." [*See* Doc. 287, PageID :6810]

request that the materials be stricken.

In their motion, the Kia Defendants also seek to prevent Plaintiffs' expert witnesses from relying upon any materials not identified by March 29, 2019, and "[a]monishing Mr. Murray and the other plaintiffs' counsel to cease directing, encouraging, and permitting their experts to bolster their original opinions with additional information not timely disclosed pursuant to the Court's order and Rule 26." In support of the motion, the Kia Defendants cite examples from deposition transcripts in which Plaintiff's counsel, James W. Murray, makes statements to the effect that he is reserving the right to file a motion to add additional experts and to supplement the materials relied upon by the experts. Reading snippets of a transcript, the Court is deprived of complete context; however, the undersigned will interpret Mr. Murray's statements to mean that he anticipates that Plaintiffs' case will survive the summary judgment stage of the case and that—if given the opportunity to expand discovery to the Hyundai Defendants—Plaintiffs may need to designate additional liability expert witnesses as well as additional reliance materials for those witnesses. And, of course, in that scenario, both sides would be given the opportunity to designate expert witnesses on the subject of damages. So, the Court does not ascribe to Mr. Murray's statements an intent to circumvent its scheduling order or the requirements of Rule 26(a)(2).

For that reason, the Court will decline to impose a protective order preempting Plaintiff from taking whatever steps they deem appropriate in communicating with—or about—their expert witnesses. However, the Court will take this opportunity to reiterate to the parties that they are to strictly comply with the requirements of Fed. R. Civ. P. 26(a)(2) and the Third Amended Scheduling Order with respect to the timing and disclosure of expert testimony. In the context of this discussion, the Court would call to the parties' attention, Fed. R. Civ. P. 26(a)(2)(D) which provides:

3

*Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or
(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Absent exceptional circumstances, the Court will disallow and/or strike testimony, materials and other evidence not in compliance with the requirements of Fed. R. Civ. P. 26(a)(2) and the Third Amended Scheduling Order with respect to the timing and disclosure of expert testimony.

Based on the foregoing, it is hereby **ORDERED** that:

1. The Kia Defendants' Motion for Protective Order [Doc. 297] is **DISMISSED AS MOOT.**

2. The parties shall strictly comply with the requirements of Fed. R. Civ. P. 26(a)(2) and the Third Amended Scheduling Order with respect to the timing and disclosure of Expert Testimony. Absent good cause, the Court will disallow and/or strike testimony, materials and other evidence not in compliance with such requirements.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE